[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13167
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-02562-VMC-SPF

RONALD SATISH EMRIT,

                                                        Plaintiff-Appellant,

versus

UNIVERSAL MUSIC GROUP,
ISLAND DEF JAM GROUP,
RICK ROSS,

                                                        Defendants-Appellees,

ESTATE OF SHAKIR STEWART,

                                                        Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 11, 2021)

Before WILSON, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Ronald Emrit, proceeding *pro se*, appeals the district court's dismissal of his copyright infringement claims against Universal Music Group (UMG), Def Jam Group, the Estate of Shakir Stewart, and Rick Ross. The district court dismissed Emrit's claims against UMG for lack of personal jurisdiction and dismissed the remainder of the complaint with prejudice as an impermissible shotgun pleading.

We review a district court's dismissal for lack of personal jurisdiction *de novo*. *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). We review a dismissal of a complaint on shotgun pleading grounds for an abuse of discretion. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

We liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant fails to adequately brief a claim when he does not plainly and prominently raise it, by "mak[ing] only passing references to it or rais[ing] it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

2

Here, Emrit has abandoned any challenge to the district court's rulings. Emrit makes two passing comments about personal jurisdiction—both faulting the district court for addressing personal jurisdiction before reaching the merits of his claim. But nowhere does Emrit argue that the district court had personal jurisdiction over UMG. He has thus abandoned any argument that the district court erred in dismissing the claims against UMG because it lacked personal jurisdiction over UMG. Likewise, Emrit fails to mention even once the district court's determination that his complaint was an impermissible shotgun pleading. He has therefore also abandoned any argument that the district court impermissibly dismissed his other claims with prejudice because his complaint was a shotgun pleading. Because Emrit has not challenged any of the grounds on which the district court based its dismissal, we **AFFIRM**.